IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EMPLOYERS INSURANCE COMPANY
OF WAUSAU,

                                                                           ORDER

                        Petitioner,

                                                                        16-cv-97-bbc

     v.

ACE PROPERTY & CASUALTY
INSURANCE COMPANY,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Employers Insurance Company of Wausau is seeking confirmation of an arbitration award under the Federal Arbitration Act. Accompanying its petition is a motion to keep all case filings under seal. Dkt. #5. In an order dated March 3, 2016, dkt. #8, I directed petitioner to show cause why the record should not be unsealed in light of the presumption that documents filed in federal court are public. Hicklin Engineering, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006).

      Both parties have responded to the order. Dkt. ##9 and 11. They argue that it is unnecessary to unseal the records because petitioner is seeking confirmation of an award under 9 U.S.C. § 9, which requires confirmation without review of the award's substance in the absence of a valid challenge to the award under 9 U.S.C. § 10 or 9 U.S.C. § 11.

      I agree with the parties that the presumption to keep court records public applies only

1

to documents that affect the disposition of the case. City of Greenville, Illinois v. Syngenta Crop Protection, LLC, 764 F.3d 695, 697 (7th Cir. 2014) ("[W]e have limited the presumption of public access to materials that affect judicial decisions."). Therefore, it is unnecessary to unseal documents that relate solely to the substance of the arbitration proceedings. However, the parties' argument does not apply to the application itself. Obviously, the application is related to any decision that grants or denies the application. In addition, the parties identify no reason why the motion to seal or the responses to the court's order to show cause should be sealed. Accordingly, I am directing the clerk of court to unseal the application (dkt. #1), petitioner's notice of the application (dkt. #2), petitioner's brief in support of the application (dkt. #3), petitioner's motion to seal (dkt. #5), petitioner's response to the order to show cause (dkt. #9), petitioner's declaration in support of that response (dkt. #10), respondent's motion for leave to join petitioner's motion to seal (dkt. #11) and respondent's brief in support of that motion (dkt. #12). I will leave sealed the declaration that relates to the substance of the arbitration proceedings. Dkt. #4.

      In its brief, respondent states repeatedly that it does not oppose petitioner's application to confirm the arbitration award. E.g., dkt. #12 at 4 ("The lack of an actual dispute regarding the validity of the arbitration award and the absence of allegations of fraud, misconduct, or other procedural issues envisioned by 9 U.S.C. §§ 10 and 11 limits this Court's discretion and requires but one result—confirmation of the award."). Accordingly, I will grant the application.

ORDER

IT IS ORDERED that

1. Petitioner Employers Insurance Company of Wausau's motion to seal the record and respondent Ace Property & Casualty Insurance Company's motion for leave to join petitioner's motion, dkt.## 5 and 11, are GRANTED with respect to docket no. 4 (Declaration of Mark Kareken) and all its exhibits. The motions are DENIED with respect to all other filings.

2. Petitioner's application to confirm the arbitration award, dkt. #1, is GRANTED.

3. The clerk of court is directed to enter judgment in favor of petitioner and close this case.

Entered this 22d day of March, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge